UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

In re:
Adrienne Bush,
    Debtor.
_____/

Adrienne Bush,                                             Case No. 19-11425
    Appellant                                 Honorable Sean F. Cox

v.                                                                     Bankruptcy Case No. 18-51055

Kenneth Nathan,
    Appellee.
_____/

## OPINION AND ORDER

After Adrienne Bush's bankruptcy trustee discovered her separate, then-pending employment discrimination lawsuit, he agreed to settle it for $20,000. Unhappy with this settlement, Bush claimed an exemption in the lawsuit and moved to convert her Chapter 7 proceeding to a Chapter 13 proceeding. The bankruptcy court (1) sustained the trustee's objection to the claimed exemption; (2) denied Bush's motion to convert; and (3) granted the trustee's motion to compromise Bush's employment discrimination claim. Bush now appeals these decisions. Finding no error, the Court will affirm the bankruptcy court's decisions.

## BACKGROUND

This appeal touches on two distinct legal proceedings: Bush's employment discrimination lawsuit and Bush's bankruptcy case.

First, the employment discrimination lawsuit. On May 18, 2016, Adrienne Bush filed a *pro se* action against her former employer, Lumileds LLC. *Bush v. Lumileds, LLC, et. al.*, Case No. 16-

1

11761 (E.D. Mich. filed on May 18, 2016). This case was assigned to United States District Court Judge Laurie J. Michelson, who referred all pre-trial motions to Magistrate Judge Elizabeth A. Stafford.

In her amended complaint, Bush alleged that Lumileds had discriminated against her because she is African Amerian and had retaliated against her for reporting the discrimination, in violation of Title VII of the Civil Rights Act of 1964 and Michigan's Elliott-Larsen Civil Rights Act. (ECF No. 11, PageID 1176-1207; Case No. 16-11761, ECF No. 30). During the discovery and summary judgment phases, Bush actively litigated her case by stipulating to a protective order (Case No. 16-11761, ECF No. 38), filing two motions to extend deadlines (Case No. 16-1176, ECF Nos. 39 and 75), filing three witness lists (Case No. 16-11761, ECF Nos. 42, 74, and 84), opposing a motion to stay (Case No. 16-11761, ECF No. 44), filing two motions to compel (Case No. 16-11761, ECF No. 46 and 58), attending two status conferences, a settlement conference, and a hearing, objecting to four orders issued by Magistrate Judge Stafford (Case No. 16-11761, ECF Nos. 53, 62, 86, and 88), filing a motion for sanctions (Case No. 16-11761, ECF No. 63), amending her motion for sanctions (Case No. 16-11761, ECF No. 70), filing a motion to strike (Case No. 16-11761, ECF No. 78), filing a motion to amend her complaint (Case No. 16-11761, ECF No. 85), and responding to the Lumileds's motion for summary judgment. (Case No. 16-11761, ECF No. 79).

On July 10, 2018, Magistrate Judge Stafford issued a Report and Recommendation, wherein she recommended that summary judgment be granted in favor of Lumileds. (Case No. 16-11761, ECF No. 89). On July 25, 2019, Bush objected to this recommended disposition. (Case No. 16-11761, ECF No. 94).

Now, the bankruptcy proceeding comes into play. On August 9, 2018, Bush filed a petition

for bankruptcy relief under Chapter 7 of the Bankruptcy Code. (ECF No. 11, PageID 954-971). Bush's bankruptcy case was assigned to United States Bankruptcy Court Judge Maria L. Oxholm, and Appellee Kenneth Nathan was appointed as trustee of Bush's bankruptcy estate. On August 22, 2018, Bush filed her Schedules and Statement of Financial Affairs. (ECF No. 11, PageID 977-1025). In Part 3 of Schedule A/B, Bush was asked, "Do you own or have any legal or equitable interest in any of the following items?" Item 33 of this part described "Claims against third parties, whether or not you have filed a lawsuit or made a demand for payment." (ECF No. 11, PageID 989). Item 33 offered several examples, including "accidents, *employment disputes*, insurance claims or rights to sue." *Id*. (emphasis added). Despite actively litigating her pending employment discrimination claims for the previous two years, Bush checked the "No" box in response to Item 33. *Id*.

Similarly, in her Statement of Financial Affairs, Bush failed to list her employment discrimination lawsuit in response to the question, "Within 1 year before you filed for bankruptcy, were you a party in any lawsuit, court action, or administrative proceeding." (ECF No. 11, PageID 1017). And, at a September 12, 2018 creditors' meeting, Bush responded "No" to the question "Have you sued anybody in the last five years?" (ECF No. 11, PageID 1108).

Back to the employment action. On September 26, 2018, Judge Michelson adopted Judge Stafford's recommendation "save for her recommendation to grant Lumileds summary judgment on Bush's discriminatory discharge claims under Title VII and ELCRA." (Case No. 16-11761, ECF No. 105, PageID 3519). In other words, only Bush's discriminatory discharge claims survived summary judgment.

Now the employment action and the bankruptcy proceeding meet. On October 3, 2018, Lumiled's counsel contacted Trustee Nathan and informed him of Bush's employment lawsuit.

3

Nathan evaluated Bush's remaining claims and agreed to settle the case for $20,000.

This proposed settlement did not sit well with Bush. On January 3, 2019, Bush filed a motion to convert her Chapter 7 proceeding to a Chapter 13 proceeding (ECF No. 11, PageID 1042) and amended her schedules. (ECF No. 11, PageID 1051). In her amended Schedule A/B, she identified the employment discrimination case and, in her amended Schedule C, she claimed it as exempt under 11 U.S.C. § 522(d)(11)(E). (ECF No. 11, PageID 1064). Nathan opposed the motion to convert and filed an objection to the amended exemption. The United States Trustee also opposed both of Bush's filings.

On March 11, 2019, Nathan filed a motion to approve the compromise of Bush's remaining employment discrimination claims against Lumileds. (ECF No. 11, PageID 1170-1175). In his motion, Nathan described, in detail, why he concluded that it was in the estate's best interest to settle the case for $20,000. First, he noted that Bush had "expressly disclaimed the intent to seek any damages for the time period following the termination of her employment or emotional distress damages . . . and as a *pro se* plaintiff, [Bush] is not entitled to attorneys' fees." (ECF No. 11, PageID 244). Then, he noted that Bush had found new, more lucrative employment only six months after she had been discharged and that "had [Bush] remained employed with Lumileds during that six-month period, she would have received approximately $20,000 in base salary–the amount of the proposed settlement at issue." (ECF No. 11, PageID 1174). Nathan concluded that "[t]he proposed settlement, therefore, is more than reasonable as it represents the amount of damages the estate could be awarded if it were to prevail on the sole remaining civil claim at trial, which is far from certain and would be costly for the estate to pursue." *Id*.

Bush filed a response to the motion to approve compromise of claim, arguing that "[t]he

4

settlement is not reasonable and furthermore should be denied because the debtor is no longer within the Chapter 7, the stated exemption is valid, this will not satisfy the debtors [sic] creditors and the Trustee entered this settlement in bad faith." (ECF No. 11, PageID 1336).

On May 9, 2019, the bankruptcy court issued a bench opinion on (1) the trustee's objection to Bush's amended schedules (2) Bush's motion to convert her proceeding to Chapter 13, and (3) the trustee's motion to compromise claim.

First, the bankruptcy court sustained Trustee Nathan's objection to Bush's amended schedules. The court began by noting that 11 U.S.C. 522(d)(11)(E) only exempts a debtor's right to receive property that is traceable to "a payment in compensation of loss of future earnings of the debtor or an individual of whom the debtor is or was a dependent to the extent reasonably necessary for the support of the debtor and any dependent of the debtor." Because Bush's lawsuit did not include a claim for lost future earnings (which Bush had acknowledged, on the record, three separate times), the court concluded that Bush was not entitled to her requested exemption.

Next, the bankruptcy court denied Bush's motion to convert her case to a Chapter 13 proceeding, concluding that Trustee Nathan had presented sufficient evidence of a lack of good faith on Bush's part. The court noted that Bush had repeatedly failed to disclose the lawsuit after being prompted to do so. Considering her active, contemporaneous participation in the lawsuit, the court found that Bush's explanation for this omission was "disingenuous" and "simply not believable." (ECF No. 11, PageID 1360). The court concluded that Bush "intentionally failed to disclose the lawsuit in a deliberate attempt to keep it out of her bankruptcy." *Id*. The court further found that the amount and length of repayment [in Bush's proposed Chapter 13 plan] suggests a lack of good faith," (ECF No. 11, PageID 1362), and that her proposed plan was "not in the best interest of

5

creditors." (ECF No. 11, PageID 1363). The court also found that "conversion would further an abuse of the bankruptcy process" because "[i]t appears that [Bush] is seeking to convert solely to prevent the trustee from administering the lawsuit." *Id*. For all these reasons, the bankruptcy court concluded that Bush "has not filed her motion to convert in good faith." *Id*.

Finally, the bankruptcy court granted Nathan's motion to compromise. Applying the principles outlined in *Protective Comm. for Indep. Stockholders of TMT Trailer Ferry, Inc. v. Anderson*, 390 U.S. 414 (1968) ("*Anderson*"), the court concluded that the $20,000 settlement was reasonable. (ECF No. 11, PageID 1366).

On May 14, 2019, Bush filed an appeal, asking this Court to reverse the bankruptcy court's May 9, 2019 orders. (ECF Nos. 1 and 15). Nathan filed a brief in opposition on August 20, 2019. (ECF No. 14).

## ANALYSIS

### I. Jurisdiction

At the outset, the Court must determine which May 9, 2019 orders it has jurisdiction to review. Nathan argues that the order granting the motion to compromise is the only one properly before the Court because Bush's "Notice of Appeal and Statement of Election states the Settlement Approval Order is the 'order . . . appealed from,' and it does not identify, designate, or attach any other bankruptcy court order." (ECF No. 15, PageID 1432); *see also* Fed. R. Bankr. P. 8003(a)(3) ("The notice of appeal must . . . be accompanied by the judgment, order, or decree, or the part of it, being appealed . . .").

Throughout Bush's brief, she makes it clear that she intends to appeal all three of the bankruptcy court orders issued on May 9, 2019. (ECF No. 14, PageIDs 1410-1414). Although

Bush's notice of appeal does not strictly comply with the Court's filing requirements, those shortcomings do not deprive the Court of jurisdiction to hear an appeal of the non-designated May 9, 2019 orders. *Fadayiro v. Ameriquest Mortg. Co.*, 371 F.3d 920, 922 (7th Cir. 2004); *see also In re Thomas*, 2011 WL 3706669 at *8, n. 1 (E.D. Mich. 2011). Because the issues related to the bankruptcy court's other two May 9, 2019 orders were adequately addressed by both parties in their briefs on appeal, the Court will consider these issues.

## II. Nathan's Objection to the Amended Schedules

Bush first challenges the bankruptcy court's decision to sustain Trustee Nathan's objection to her amended schedules. Whether a bankruptcy exemption applies is a legal conclusion, which is reviewed *de novo*. *In re Lawless*, 591 Fed.App'x. 415, 417 (6th Cir. 2014).

"When a debtor files a bankruptcy petition, all of [her] property becomes property of the bankruptcy estate." *Taylor v. Freeland & Kronz*, 503 U.S. 638, 642 (1992). However, the Bankruptcy Code "allows a debtor to prevent the distribution of certain property by claiming it as exempt." *Id.* Under 11 U.S.C. § 522(l), a debtor must file a list of property that he or she wishes to exempt from the bankruptcy estate. Section 522(d) "lists 12 categories of property that a debtor may claim as exempt." *Schwab v. Reilly*, 560 U.S. 770, 782 (2010). "Exemptions should be liberally construed in favor of the debtor." *In re Brown*, 391 B.R. 210, at *5 (Table) (6th Cir. BAP 2008).

Here, Bush claimed an exemption in her employment lawsuit under Section 522(d)(11)(E), which exempts "[t]he debtor's right to receive, or property that is traceable to . . . a payment in compensation for loss of future earnings of the debtor or an individual of whom the debtor is or was a dependent, to the extent reasonably necessary for the support of the debtor and any dependent of the debtor." Trustee Nathan objected to Bush's exemption and therefore bears the burden of proving

7

that the lawsuit is not exempt under Section 522(d)(11)(E). *See* Fed. R. Bankr. P. 4003(c).

The Court agrees with the bankruptcy court that Nathan has satisfied his burden here. Most, if not all, of the cases discussing exemptions taken under this section involve "discrete, sum certain payments to compensate for the debtor's loss of future earnings that are made pursuant to some agreement, award, or judgment." *In re Merillat*, 2014 WL 1846105 at *9 (E.D. Mich. 2014). No such payment exists here. In fact, Bush expressly acknowledged—three times—that her employment suit did not include a claim for lost future earnings. (ECF No. 11, PageID 1350) (the bankruptcy court noting that, at a March 5, 2019 hearing, Bush "acknowledged that the District Court lawsuit did not include a claim for future earnings."); (ECF No. 11, PageID 1158) (a letter from Bush to Lumileds's counsel stating that "[t]he First Amended Complaint is not for any damages after my employment termination."); (ECF No. 11, PageID 1162) (an order from Magistrate Judge Stafford stating that "Bush confirmed during the December 11 telephonic conference that she is not seeking damages for front pay or mental distress.").

Bush might be arguing that whatever award she would have received from the employment lawsuit is "future earnings" in that it would be money that she would have received in the future. (ECF No. 14, pageID 1410) ("Being that the debtor has not received nor negotiated an award, this can only be assumed as future earnings because it has been over three years since the initial filing.") If so, she misunderstands the concept of "future earnings." If Bush had succeeded in her employment lawsuit, she would have received only the wages that she *would have earned* at Lumileds during the time that she was unemployed. In other words, she would have been compensated for a harm that occurred in the past (i.e. lost earnings), not one that will occur in the future (i.e. lost future earnings). Because the employment suit did not include a claim for lost future

8

earnings, Section 522(d)(11)(E) does not apply. The bankruptcy court correctly sustained Nathan's objection and denied the claimed exemption.

## III. Motion to Covert to Chapter 13

Bush next challenges the bankruptcy court's decision to deny her motion to convert to a Chapter 13 proceeding. The court denied this motion because it found that the motion had been brought in bad faith. Such a finding is reviewed for clear error, and will be disturbed only when "the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed." *In re Alt*, 305 F.3d 413, 422 (6th Cir. 2002).

Under 11 U.S.C. §706(a), a "debtor may convert a case under this chapter to a case under Chapter 11, 12, or 13" if a case has not previously been converted from one of those chapters. However, the Sixth Circuit has held that a debtor's right to convert under Section 706(a) is not absolute, and may be denied in the absence of good faith. *In re Copper*, 426 F.3d 810, 815 (6th Cir. 2005). "[I]f, upon review of the facts, the bankruptcy court finds that the debtor's request for conversion was made in bad faith, or represents an attempt to abuse the bankruptcy process, the court may deny the requested conversion." *Id.* (quoting *In re Copper*, 314 B.R. 628, 636 (6th Cir. BAP 2008)).

Here, a review of the record readily supports the bankruptcy court's finding of bad faith. Despite actively litigating her employment lawsuit for two years (including filing a reply brief a little more than a week before filing for bankruptcy), Bush repeatedly failed to disclose its existence. She failed to mention it in her schedules and affirmatively denied its existence at the creditors' meeting. Only after Lumileds's counsel informed Trustee Nathan about the employment suit did Bush move to convert her proceeding to Chapter 13. This timing strongly suggests that her motion

9

to convert was not an honest effort to repay creditors, but rather a last-ditch effort to keep her interest in the lawsuit out of her bankruptcy estate. And her proposed Chapter 13 plan fell well short of satisfying her debts and could not compete with the amount of the proposed settlement. In sum, the record clearly supports the bankruptcy court's conclusions that Bush's motion was brought in bad faith and that to grant this motion would have been to "further an abuse of the bankruptcy process."

## IV. Motion to Compromise Claim

Finally, Bush appeals the bankruptcy court's approval of the $20,000 settlement agreement. A bankruptcy court's approval of a settlement agreement is reviewed for an abuse of discretion. *Lyndon Prop. Ins. Co. v. E. Ky. Univ.*, 200 Fed.Appx. 409, 413 (6th Cir.2006). "A court abuses its discretion when it commits a clear error of judgment, such as applying the incorrect legal standard, misapplying the correct legal standard, or relying upon clearly erroneous findings of fact." *Jones v. Ill. Cent. R.R. Co.*, 617 F.3d 843, 850 (6th Cir. 2015). In other words, an abuse of discretion occurs when the reviewing court has a "definite and firm conviction that the [bankruptcy] court committed a clear error of judgment." *Hall v. Liberty Life Assur. Co. of Boston*, 595 F.3d 270, 275 (6th Cir. 2010).

A bankruptcy trustee "has the authority to seek a settlement of claims available to the debtor, but any proposed settlement is subject to the approval of the bankruptcy court, which enjoys significant discretion." *In re MQVP, Inc.*, 477 Fed.App'x 310, 312 (6th Cir. 2012) (internal citations omitted); *see also* Fed. R. Bankr. P. 9019. Although "[t]he law favors compromise and not litigation for its own sake," the bankruptcy court "may not rubber stamp the agreement or merely rely upon the trustee's word that the settlement is reasonable." *Id*. (citations omitted). Rather, "the bankruptcy

court is charged with an affirmative obligation to apprise itself of the underlying facts and to make an independent judgment as to whether the compromise is fair and equitable." *Reynolds v. C.I.R.*, 861 F.2d 469, 473 (6th Cir. 1988).

In *Anderson*, the Supreme Court set forth "general factors" that a bankruptcy judge must consider in determining whether a proposed settlement is fair and equitable:

> There can be no informed and independent judgment as to whether a proposed compromise is fair and equitable until the bankruptcy judge has apprised himself of all facts necessary for an intelligent and objective opinion of the probabilities of ultimate success should the claim be litigated. Further, the judge should form an educated estimate of the complexity, expense, and likely duration of such litigation, the possible difficulties of collecting on any judgment which might be obtained, and all other factors relevant to a full and fair assessment of the wisdom of the proposed compromise. Basic to this process in every instance, of course, is the need to compare the terms of the compromise with the likely rewards of litigation.

*Anderson*, 390 U.S. at 424-25. The Sixth Circuit has distilled the Supreme Court's *Anderson* guidance into four specific factors for the bankruptcy court to consider: "(a) the probability of success in litigation; (b) the difficulties, if any, to be encountered in the matter of collection; (c) the complexity of the litigation involved, and the expense, inconvenience and delay necessarily attending it; [and] (d) the paramount interest of the creditors and a proper deference to their reasonable views in the premises." *MQVP*, 477 Fed.Appx. at 313.

The bankruptcy court applied these four factors in this case. As to the first factor, the court found that, even if Bush succeeded on her remaining claims, she would only be entitled to about $20,000. (ECF No. 11, PageID 1365). As to the second factor, the court concluded that "there has been no evidence presented regarding the difficulty of collection" but noted that "collection could be delayed if Lumileds appealed an unfavorable ruling." (ECF No. 11, PageID 1366). As to the third factor, the court found that continuing the employment lawsuit "would likely involve complex

11

evidentiary and legal issues," which would result in "significant legal fees and expenses for the bankruptcy estate." (ECF No. 11, PageID 1365). And as to the fourth factor, the court concluded that, under the settlement, "[a]t a minimum, $10,000 would be available to creditors." (ECF No. 11, PageID 1366). Evaluating all of these factors, the court concluded that the settlement was reasonable.

In reaching this conclusion, the bankruptcy court correctly applied the appropriate legal standards to the facts before it. Nothing in the record suggests that the bankruptcy court abused its discretion, and this Court does not have a "definite and firm conviction that the [bankruptcy] court committed a clear error of judgment." *Hall*, 595 F.3d at 275. Indeed, the record shows that Bush's bankruptcy estate received roughly the best award it could hope to get, without having to face the risk or expense of further litigation. This settlement was undoubtedly fair and equitable. Accordingly, Bush's appeal of this order is meritless.

## V. Other Issues Raised on Appeal

In passing, Bush raises several other issues on appeal that are not directly related to the May 9, 2019 orders. She complains that the bankruptcy court denied "her basic rights," held her to a different standard than it held Trustee Nathan, and showed her "pure disdain." But she does not substantiate these claims, and the Court has found no support for these allegations during its own review of the record. She argues that the bankruptcy court did not fully consider the value of her severance package because it used an outdated version of the complaint from her employment lawsuit. But she overlooks the fact that the court did consider the value of her severance package, even though it was not actually part of her employment lawsuit. (ECF No. 11, PageID 1365-1366). She vaguely alleges that the bankruptcy court "erred in Court procedures," but does not specify

what procedure was broken or how. Other complaints actually stem from Bush's interactions with one of her creditors, James Demers. And more still derive from the bankruptcy court's denial of her motion to reconsider lifting a stay, which was the subject of a previously dismissed bankruptcy appeal, *see In re Bush*, Case No. 18-13004 (E.D. Mich. filed September 26, 2018), and is not properly before the Court. None of these arguments has merit, or casts any doubt on the propriety of any of the orders being appealed now.

## CONCLUSION

For the reasons above, the Court **ORDERS** that the bankruptcy court's May 9, 2019 orders are **AFFIRMED**.

**IT IS SO ORDERED.**

                                              s/Sean F. Cox
                                              Sean F. Cox
                                              United States District Judge

Dated: September 16, 2019